PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. PATTISON, ) | |
| ) | CASE NO. 1:13cv1448 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 2] |

On July 2, 2013, Plaintiff Thomas J. Pattison filed an application to commence suit without prepayment of fees in the above-captioned action. ECF No. 2. For the following reasons, Plaintiff's application is denied.

Pursuant to 28 U.S.C. § 1915, a court:

> may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Rather, "the question is whether the court costs can be paid without undue hardship." *Foster*, 21 F.App'x at 240. It is within the court's discretion whether to allow a litigant to proceed *in forma pauperis* ("IFP"). *Id.*

In determining eligibility to proceed IFP, courts look to the applicant's employment


(1:13cv1448)

status, annual salary, and any property or assets the applicant may possess. *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D.Pa. Apr.18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F.Supp.2d 82, 84 (D.D.C. 2004). In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System*, 2010 WL 502781, at *1, n. 1 (D.Minn. Feb.5, 2010); *accord Reynolds v. Crawford*, 1:01-CV-877, 2009 WL 3908911 (S.D. Ohio Nov. 17, 2009).

In this instance, Plaintiff has not demonstrated that he cannot pay court costs without undue hardship. Plaintiff's IFP application shows a disparate debt to income ratio – he claims he has $1,666 in monthly expenses but only a monthly gross income of $737. ECF No. 2 at 1, 4. Despite this, however, he has $1,000 in his checking account and $12,000 in his savings account. ECF No. 2 at 2. Plaintiff also owns two vehicles worth approximately $6,000 and has no dependants. ECF No. 2 at 2, 3. While the Court recognizes that payment of court costs may result in a hardship for Plaintiff, he has not demonstrated any undue hardship. That is to say, given his assets, specifically his savings account, it does not appear that the cost of filing the instant case is beyond his means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466 at *2 (E.D. Mich. Oct. 16, 2012).

Plaintiff's application for pauper status is, therefore, denied. He is ordered to pay the filing fee of $400 within thirty (30) days. He will be responsible for service of process upon

2

(1:13cv1448)

payment of the filing fee.  Failure to comply with this order will result in dismissal of this action.


      IT IS SO ORDERED.


|  July 10, 2013  |  */s/ Benita Y. Pearson*  |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |